DECISION AND JUDGMENT
Defendant-appellant, Charles Johnson, appeals the July 16, 2007 judgment of the Lucas County Court of Common Pleas which, following a guilty plea, sentenced appellant to a total of four years of imprisonment for felonious assault with a firearm specification. *Page 2 
Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493. Appellant's counsel asserts that after reviewing the record and the conduct of the trial court, he can find no arguable issues for appellate review. Appellant's counsel further states that, as required by Anders, he provided appellant with a copy of the appellate brief and request to withdraw as counsel and informed him of his right to file his own brief. Appellant has not filed a pro se brief.
Consistent with Anders, counsel for appellant has asserted four potential assignment of error[1]:
"1. Trial counsel was ineffective to the prejudice of the appellant for failing to file any suppression motion causing the conviction and failing to file any motion to dismiss deficient indictment.
"2. Trial counsel was ineffective for failing to subject the prosecution's case to the crucible of meaningful, adversarial testing and the Fourth Amendment reasonableness of the intrusion of the police into the home without any justifiable reason, thereby prejudicing the appellant and causing the conviction.
"3. The trial court committed plain error by failing to correct and offer curative instructions to defense counsel regarding the Fourth Amendment reasonableness of the actions of the police officers and by accepting any plea of guilty without first reciting the exclusionary rule and determining that the appellant was in fact guilty of every essential *Page 3 
element of the offense, and for failing to determine whether there was any competent jurisdiction over the subject matter of the case.
"4. The trial court was patently and unambiguously without subject matter jurisdiction to hear and adjudicate the case when the indictment was deficient and failed Criminal Rule 7(B) by failing to state the name of the alleged victim, thereby violating Appellant's Fifth Amendment right to have an informed jury and to be himself informed as to the facts of the accusation such as the identity of the victim."
We first note that once the Anders requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or it may proceed to a decision on the merits if state law so requires. Id. at 744.
A brief recitation of the facts in this case is as follows. On November 30, 2006, appellant was indicted on one count of felonious assault of a peace officer, in violation of R.C. 2903.11(A)(2), a first degree felony. The count contained a firearm specification. The charge stemmed from an incident on November 8, 2006, where appellant, in an apparent attempt to commit suicide by provoking a police officer, brandished a firearm at the officer who then, despite several warnings, shot appellant twice in the stomach.
On January 29, 2007, appellant entered a plea of not guilty by reason of insanity ("NGRI"). On March 5, 2007, a NGRI hearing was held and it was determined that *Page 4 
appellant did not meet the criteria for a NGRI plea. Thereafter, on May 24, 2007, pursuant to a plea agreement with the state, appellant entered a guilty plea to felonious assault with a firearm specification. The agreement reduced the mandatory three-year prison term for the firearm specification to one-year. On July 16, 2007, appellant was sentenced to a total of four years of imprisonment. On December 17, 2007, this court granted appellant's motion for a delayed appeal.
In appellate counsel's first and second potential assignments of error, he argues that appellant was denied the effective assistance of counsel. The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687, 104 S.Ct. 2052,80 L.Ed.2d 674. In essence, appellant must show that the proceedings, due to his attorney's ineffectiveness, were so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. State v.Hamblin (1988), 37 Ohio St.3d 153, 155-56. *Page 5 
Appellant's counsel asserts that he has reviewed the record and finds that appellant's counsel "was not only effective but exemplary in the representation of appellant." This court agrees. As is apparent from the plea and sentencing hearing transcripts, appellant's trial counsel was well-acquainted with the unique circumstances of the case and eloquently relayed appellant's remorse to the court. (At the plea hearing, appellant stated that he was satisfied with counsel's representation.) Further, counsel was able to amend the mandatory three-year prison term for the firearm specification, R.C. 2941.145, to a one-year term under R.C. 2941.141. Finally, under R.C. 2929.14(A)(1), appellant could have received a prison term ranging from three to ten years; appellant received the minimum three-year prison term. Based on the foregoing, we find that appellant's first and second potential assignments of error are not well-taken.
In appellate counsel's third potential assignment of error, he argues that the trial court erred by accepting appellant's guilty plea. Before accepting a guilty plea, Crim. R. 11(C)(2) requires that the trial court inform a defendant of the constitutional rights he waives by entering the plea. The rule provides:
"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 6 
"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
On appeal, the trial court's acceptance of a guilty plea will be considered knowing, intelligent and voluntary so long as, before accepting the plea, the trial court substantially complied with the procedure set forth in Crim. R. 11(C). State v. Nero (1990),56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
After careful review of the plea hearing transcript, we find that the trial court substantially complied with Crim. R. 11(C) in accepting appellant's guilty plea and that appellant entered his plea knowingly, intelligently and voluntarily. Appellant's third potential assignment is not well-taken.
In appellate counsel's fourth and final potential assignment of error, he argues that the trial court lacked jurisdiction to hear and adjudicate the case. Upon review, we agree with counsel's assessment that the argument lacks merit. Appellant's fourth potential assignment of error is not well-taken. *Page 7 
Upon our own independent review of the record, we find no other meritorious grounds for appeal. Accordingly, we find this appeal to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and that the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR.
[1] The assignments of error are consistent with the alleged errors raised by appellant in his request for a delayed appeal. *Page 1